UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WESLEY GONZALEZ,

       Plaintiff,

v.                                                                                         CASE NO. 8:15-cv-1617-T-27MAP

RICK SWEARINGEN *et al.*,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a purported action under 42 U.S.C. § 1983 by a former state convict complaining that certain state officers violated his Constitutional rights. In his Amended Complaint (doc. 9), Plaintiff contends that Defendants engaged in a scheme to falsely designate Plaintiff as a sex offender for convictions that occurred in 1989 and, as a result, Plaintiff has been subjected to unlawful imprisonment and unlawful physical restraint of probation, among other hardships (doc. 9 at 2). At issue now is whether the Amended Complaint states a sufficient case to pass the review requirements imposed under 28 U.S.C. § 1915.[1] After consideration, I find that the statute of limitations has run on Plaintiff's claim

---

[1] Section 1915 represents a balance between facilitating an indigent person's access to the courts and curbing the potentially vast number of suits by such persons, who, unlike those who must pay in order to litigate their claims, have no economic disincentives to filing frivolous or malicious suits once *in forma pauperis* status is granted. A district court may conclude a case has little or no chance of success and dismiss the complaint when it determines from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

and recommend Plaintiff's motion for leave to proceed *in forma pauperis* (doc. 12) be denied.

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege that some person, acting under color of state law, deprived Plaintiff of "rights, privileges, or immunities secured by the Constitution and Laws of the United States." 42 U.S.C. § 1983. *Bannum, Inc. v. City of Ft. Lauderdale*, 901 F.2d 989, 996-97 (11th Cir. 1990). In 42 U.S.C. §1983 actions against individuals, factual details must be provided that demonstrate a violation of a clearly established right. *Oladeinde v. City of Birmingham,* 963 F.2d 1481 (11th Cir. 1992). Where it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the statute of limitations, the claims are properly dismissed pursuant to § 1915 as frivolous. *Fish v. Geico Ins.*, 606 Fed. App'x 576 (11th Cir. 2015). That is the case here.

As noted, Plaintiff's convictions occurred in 1989. A § 1983 action brought in Florida is governed by Florida's four-year personal injury statute of limitations. *Henyard v. Secretary, DOC*, 543 F.3d 644, 647 (11th Cir. 2008). Here, the statute of limitations has run on Plaintiff's claim that he was wrongly categorized as a sex offender. Under Plaintiff's version of events, his statute of limitations clock began to run in August 1989 when he was advised that he had been classified as a sex offender (doc. 9 at 10). *Moore v. Fed. Bureau of Prisons*, 553 Fed. App'x 888, 890 (11th Cir. 2014) (citing *Uboh v. Reno*, 141 F.3d 1000, 1002 (11th Cir.1998) ("[U]nder our *Bivens* case law, an action accrued at the time the plaintiff knew or had reason to know of his claims.")). Accordingly, Plaintiff's four-year

window to file suit closed in August 1993, 22 years before the present action was filed. Moreover, if the Plaintiff is arguing that he is suffering from some sort of continuing violation due to a present obligation to register as a sex offender and that Florida's sex offender registration scheme should not apply to him because the registration demands post-date his conviction, he is wrong. *See* Fla. Stat. 943.0435 (requiring registration of any sexual offender); *see also Smith v. Doe*, 538 U.S. 84 (2003) (retroactive application of the sexual predator registration requirement did not violate *Ex Post Facto* Clause); *Givens v. State*, 851 So. 2d 813 (Fla. 2d DCA 2003). Lastly, it would seem that Plaintiff while incarcerated had ample chance to exhaust administrative remedies challenging his classification and his gain time calculation. Accordingly, it is

RECOMMENDED:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (doc. 12) be DENIED.

2. Plaintiff's Second Amended Complaint (doc. 9) be DISMISSED.

IT IS SO REPORTED in Tampa, Florida on December 1, 2015.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and

Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.