UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WESLEY GONZALEZ,

              **Plaintiff,**

vs.                                                        **Case No. 8:15-cv-01617-T-27MAP**

RICK SWEARINGEN, et al.,

              **Defendants.**
_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation of the Magistrate Judge, recommending that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. 12) be denied, and his Amended Complaint dismissed (Dkt. 14).

After careful consideration of the Report and Recommendation, and a *de novo* review of that portion of the Report and Recommendation to which objections are made, and in conjunction with an independent examination of the entire file, this Court is of the opinion that the Report and Recommendation should be adopted, confirmed, and approved. Plaintiff's objections (Dkt. 15) are therefore overruled.[1]

Specifically, I agree that Plaintiff's Amended Complaint is time barred and therefore subject to dismissal under 28 U.S.C. §1915(e)(2)(B)(i) as frivolous. "Where it is clear from the face of a complaint filed in forma pauperis that the claims asserted are barred by the statute of limitations, the claims are properly dismissed pursuant to § 1915 as frivolous." *Fish v. Geico Ins.*, 606 Fed. App'x

---

[1] Those portions of the report and recommendation to which objection is made are accorded *de novo* review. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

576 (11th Cir. 2015) (affirming dismissal of case as frivolous because the complaint "fails to show that the statute of limitations did not bar the action" and there was no evidence that equitable tolling applied). Additionally, I find that the Amended Complaint is frivolous. Under 28 U.S.C. § 1915(e)(2)(B)(i), district courts "shall dismiss" frivolous *in forma pauperis* complaints. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Plaintiff brought this §1983 action against nine individuals employed by or associated with either the Florida Department of Law Enforcement or the Florida Department of Corrections. His Amended Complaint alleges a 22 year long conspiracy to violate his constitutional rights, focusing on his contention that he was wrongly classified as a sex offender/predator when he was received at the State of Florida North Florida Reception Center to begin serving his prison sentence imposed after his 1989 conviction. He alleges that the conspiracy began on July 10, 1989 and continued through July 11, 2012, when he was discharged from sex offender probation. (Dkt. 9 at p. 8). He claims that his sex offender/predator classification violates his Plea Agreement, and that "the defendants entered into a secondary confederation (conspiracy) to obtain a state legislative Bill of Attainder against Plaintiff to mask their prior unlawful designation and to insure that their application of the sex offender designation against Plaintiff, would apply thence forward." (*Id.* at p.8-9). He alleges false imprisonment, malicious creation of his sex offender classification, the wrongful requirement that he register as a sex offender and various losses and damages. (Dkt. 9 at p. 15). Finally, he contends that since he remains classified as a sex offender/predator, his claim is brought "within the applicable statute of limitations." (*Id.* at p. 9).

The Magistrate Judge found that Plaintiff's § 1983 claim is barred by the applicable statute of limitations. A four year statute of limitations applies to an action brought under 28 U.S.C. § 1983. *Henyard v. Secretary, DOC*, 543 F.3d 644 (11th Cir. 2008). A cause of action accrues, for purposes

2

of §1983, when the aggrieved party knows of or had reason to believe of the existence of his claim. *See Moore v. Fed. Bureau of Investigation*, 553 Fed. App'x 888 (11th Cir. 2014). Plaintiff's allegations establish that he learned in August 1989 that he had been classified as a sex offender. (Dkt. 9, p. 10, § 8). The four year limitations statute therefore began to run at that time. This case was filed more than 20 years later. Accordingly, the Magistrate Judge correctly found that the statute of limitations expired in 1993 on Plaintiff's purported § 1983 claim.[2]

To the extent Plaintiff contends that he alleges a continuing § 1983 conspiracy and therefore his claim was filed within the four year limitations period, his allegations do not state a plausible claim for a continuing violation. "The critical distinction in the continuing violation analysis is whether the plaintiff complains of the present consequence of a one time violation, which does not extend the limitations period, or the continuation of that violation into the present, which does." *Lovett v. Ray*, 327 F.3d 1181, 1183 (11th Cir. 2003) (internal marks omitted) (quoting *Knight v. Columbus, Ga.*, 19 F.3d 579, 580–81 (11th Cir. 1994)). Generally, to establish a continuing violation, a plaintiff must show a substantial nexus between the time barred acts and the timely asserted acts. *See Rindley v. Gallagher*, 890 F. Supp. 1540, 1549 (S.D. Fla. 1995).

Liberally construing his allegations, it is apparent that the wrongful act Plaintiff complains of is his 1989 classification as a sex offender, and that the objective of the claimed conspiracy was to maintain that classification and deprive Plaintiff from earning statutory gain time. He alleges that the conspiracy continued through July 11, 2012, when, according to Plaintiff, he was released from post sentence sex offender probation. Plaintiff's theory is captured in this allegation:

> The unlawful affirmative actions by these Defendants, both individually and in

---

[2] To the extent Plaintiff contends that Florida's registration requirement for sex offenders was an unconstitutional "Bill of Attainder" giving rise to a new § 1983 claim, the statute of limitations expired no later than 2001, four years after it came into effect. (*See* Dkt. 9 ¶ 16).

confederation, and with others unknown, joined in formulating a pernicious scheme to have Plaintiff falsely designated as a sex offender/ predator beginning with known affirmative act, beginning July 10, 1989, and continuing with unlawful act/s of false imprisonment and confining Plaintiff to unlawful probation through July 11, 2012. However, the fruits of this scheme has been continued further against Plaintiff to the instant date by the Defendant's prior procurement from the Florida State Legislature, of a Bill of Attainder, and its application of sex offender/predator designation to Plaintiff. (Dkt. 9. p. 8, ¶ 4).

Absent from his allegations, however, are any affirmative acts by any of the alleged co-conspirators which were committed in furtherance of the objective of the alleged conspiracy within four years of the filing of his complaint. The only allegation which comes close is in paragraph 14 of his Amended Complaint:

> Following a probation violation accusation against Plaintiff in 1995, which resulted in a hearing, the Defendant/s continued their conspiratorial confederation, by falsely, unlawfully and maliciously refusing to adhere to the Hillsborough Circuit Court sentencing transcript which adjudicated that Plaintiff would continue with the original probation intact. By their refusal they caused him to serve an additional 395 days on Probation beyond his due release date of June 19, 2011. Only after Plaintiff filed petition, paid attorney expenses and fees was he instantly discharged by Order of Honorable Kimberly Fernandez, Hillsborough Circuit Court for the Fifteenth Judicial Circuit on July 11, 2012. (*Id.* at p. 13).

But no supporting facts are alleged in support of this conclusion. And Plaintiff's allegation that he was finally "discharged" by the Hillsborough County Circuit Court on July 11, 2012 only bolsters the conclusion that he is complaining about the "consequence[s]" of a one time violation that occurred in 1989, not "the continuation of that violation into the present." *See Lovett*, 327 F.3d at 1183. In sum, his purported § 1983 conspiracy claim is time barred and subject to dismissal as frivolous.[3] And his fanciful allegation that the Defendants are responsible for the enactment of Fla.

---

[3] Any purported claim Plaintiff makes that the Florida sex offender registration statutes are unconstitutional has been rejected by binding precedent in this Circuit. *Doe v. Moore*, 410 F.3d 1337, 1340 (11th Cir.) (rejecting due process, equal protection, travel and separation of powers arguments), *cert. denied*, 546 U.S. 1003 (2005). *See also Connecticut Dep't of Pub. Safety v. Doe*, 538 U.S. 1, 4 (2003) (similar sex offender registration statute upheld against procedural due process claim); *Smith v. Doe*, 538 U.S. 84 (2003) (retroactive application of sex predator registration requirements do not violate ex post facto clause).

4

Stat. § 944.607 provides no plausible support for his claim and is also time barred.

Accordingly,

1. Plaintiff's objections to the Report and Recommendation (Dkt. 15) are **OVERRULED**.

2. The Report and Recommendation (Dkt. 14) is **ADOPTED** as the Opinion of the Court.

3. Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. 12) is **DENIED**.

4. Plaintiff's Amended Complaint (Dkt. 9) is **DISMISSED**.

5. The Clerk is directed to **CLOSE** the file.

**DONE AND ORDERED** this 9th day of February, 2016.

JAMES D. WHITTEMORE
United States District Judge

Copy to: *Pro se* Plaintiff